Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| CLAUDE DAVID HALL, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-210-DCR |
| ) | |
| V. ) | |
| ) | |
| J. GRONDOLSKY, Warden, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court for screening of Petitioner Claude David Hall, Jr.'s *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] Hall is confined in the Federal Prison Camp in Manchester, Kentucky, and has paid the requisite $5.00 filing fee for a habeas proceeding. As Hall is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Through this action, Hall claims that the BOP has improperly determined that his two federal sentences, resulting from two separate criminal convictions, should run consecutively.

---

[1]   During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Because the Court finds that the BOP's computation of Hall's sentence is accurate and because Hall has failed to present any argument on which relief can be granted, his Petition will be denied and this action will be dismissed, *sua sponte*.

I.   **Claims and Factual Allegations**

Hall argues that the Bureau of Prisons ("BOP") has exceeded its authority by calculating his criminal sentences, which were handed down in two separate criminal cases, to run consecutively rather than concurrently. In support, he has submitted a completed petition, a memorandum of law, copies of the Judgments of Conviction, and several other exhibits. The following is a summary of the information presented from these sources.

In 1991, the Petitioner was a criminal defendant in two cases before this Court, the Honorable Joseph M. Hood presiding. In *United States v. Hall*, Pikeville Case No. 91-CR-03, Hall was found guilty on 3 of 4 marijuana trafficking offenses and was sentenced to 84 months' imprisonment on July 8, 1991. [Ex. 5]. In the second case, *United States v. Hall*, Pikeville Case No. 91-CR-06, the jury found the Petitioner and his co-defendants guilty on 8 counts drug trafficking and firearms offenses.[2] Hall was subsequently sentenced to a term of 340 months' imprisonment on August 8, 1991. [Ex. 6]. On December 3, 1999, the sentence in the latter case was reduced by an amended Judgment that provided,

---

[2]   For facts relating to this case and the Petitioner's arguments on appeal, *see United States v. Hall*, 968 F.2d 1216 (6th Cir. 1992) (unpublished), *cert. denied*, 507 U.S. 974 (1993). The Sixth Circuit affirmed his and other family members' convictions.

      for a total term of * 135 months[3] on counts 1, 2, 3, 4, 5, 6, & 7, to run concurrently; and 60 months on count 8, said term to run consecutively with term imposed on counts 1 through 7, for a total term of 195 months.

[Ex. 7].

     Hall alleges that in early September of 2006, upon his request to the BOP for a sentence computation, he learned that the BOP had aggregated the two sentences to run consecutively. By adding together the 84 months of the first sentence and the amended 195 months of the second, the BOP arrived at a total of 279 months. Hall's projected release date is May 9, 2011. [Ex. 1]. If the sentences were to run concurrently, however, his term of imprisonment would have expired on or about April 3, 2005, and he would be entitled to immediate release.

     Hall asserts that the Court did not order the 91-CR-03 and 91-CR-06 sentences to run consecutively, and, therefore, the BOP's consecutive computation is beyond the agency's authority. He further explains his claims as follows:

> Hall avers that the aforenoted sentences as imposed, were the result of the district court's findings during a side-bar in Case No. 91-6. (See, **Exhibits** #8-#8A). Moreover, the undischarged term of imprisonment imposed in 91-3, "was part of a long term plan that had been ongoing" and that the activities [charged in 91-6 and 91-31] "constituted a common scheme or plan," see id. As such, Respondents' unauthorized and illegal imposition of those sentences, aggravated [sic] to run consecutively for a total term of **279** months, is violative of the previously noted regulatory authority and constitutional protections that Hall is unquestionably entitled to.

[Record No. 4]. The referenced exhibits (Exhibits 8 and 8A), are two pages of an unidentified transcript in which the Court and Assistant United States Attorney Wohlander discuss "part of a plan, a long-term plan. . . ." [Ex. 8].

---

[3]     The asterisk before the number of months is not explained in the Judgment of Conviction; nor is it explained by the Petitioner. The Court, therefore, attaches no significance to it.

Hall has also attached documents setting out the terms of 18 U.S.C. §§ 3584-85 and a portion of the BOP's Program Statement ("PS") 5880.28. He contends that neither empower the BOP to impose a consecutive sentence which was not ordered by the District Court. [Group Ex. 1]. Rather, he maintains that the BOP's duties are found exclusively in § 4042, and that statute does not include the authority "to alter in the aggregate, the sentence imposed by the district court." [Petition at 10].

Hall first brought his argument challenging the BOP's authority to compute his sentences consecutively through the BOP's administrative remedy process and has attached the documents exchanged in that process to his petition. At each level of appeal,[4] the BOP argued that Congress has explicitly dictated in 18 U.S.C. § 3584(a) that sentences run consecutively unless a court orders that the terms are to run concurrently. As to PS 5880.28, *Sentence Computation Manual*, the BOP argued that the policy was derived from the statute and, therefore, mandates the same consecutive order, absent specific instructions from the sentencing court. Each BOP official found that Hall's sentence had been correctly computed in accordance with the federal statute and its own derivative policy.

## II. Discussion

In his petition and memorandum to this Court, Hall alleges that the BOP's decision to run his sentences consecutively is in violation of his federally-protected rights because it: (1) aggregates the sentences without an order of the Court; (2) illegally usurps regulatory and

---

[4] The administrative review process is four-tiered and is set forth in 28 C.F.R. §§ 542.10-16, the first level being a request to staff; the next being an appeal to the warden; the third level of appeal is to the appropriate BOP Regional Director; and the last is to the National Office.

statutory authority by "relying upon" 18 U.S.C. §§ 3584(a), 3585(a), and Policy Statement 5880.28; (3) runs afoul of the separation of powers doctrine; and (4) violates both his procedural and substantive due process rights.

As a starting point, the Court notes that 18 U.S.C. § 3584(a) governs multiple sentences of imprisonment,[5] and provides that,

> [i]mposition of concurrent or consecutive terms.  If multiple terms of imprisonment are imposed on a defendant at the same time, or *if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively*, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

The first sentence of this statute dictates that when the court imposes a second sentence before the first one is discharged (with one exception for an attempt charge), the court *may* run the sentences either concurrently or consecutively.  This is a function of the sentencing court's power.[6]  Congress then creates default positions: if the court imposed the sentences at the same time, then (again with a few exceptions) the sentences run concurrently *unless the court orders* otherwise; and if the court imposed the sentences separately, then the sentences run consecutively, *unless the court orders* otherwise.

---

[5] The response of the Regional Director refers to the controlling statute as being §3585(a), rather than §3584(a).  The Court sees this as a typographical error, not a legal argument about another statute that does not address the concurrent/consecutive issue.

[6] Exercise of that power is predicated on the Court's consideration of the factors listed in 18 U.S.C. §3553(a).  *See* §3584(b).

In the present case, the exhibits submitted by Hall support the BOP's decision to run his sentences consecutively. After the sentence in 91-CR-03 was handed down in July of 1991, the Court had the statutory authority to make the next sentence (91-CR-06) either concurrent or consecutive to the first. However, the Court did not direct that the second-imposed sentence be served concurrently with the earlier sentence. Therefore, by operation of the statute, the second sentence runs consecutively to the first.

Moreover, the docket shows that in October of 1999, Hall moved for relief from the 340-month sentence in the second case, pursuant to Federal Rule of Civil Procedure 60. This motion was granted by the Court, and his second sentence was amended to a total of 195 months. [Ex. 7]. The record shows that the Court amended the Judgment on the eight convictions so that seven of the sentences ran concurrently and one ran consecutively. Thus, for a second time in 91-CR-6, the Court considered Hall's second set of sentences and chose not to order that they run consecutively with the first sentence of 84 months imposed in 91-CR-03.

None of the facts or law cited by Hall support his theory that the BOP has erred in computing the two separate sentences to run consecutively. The Southern District of Texas addressed a similar argument about the imposition of a new federal sentence on a prisoner whose earlier state sentence was undischarged, in *Mathis v. United States*, 2006 WL 2844174 (S.D. Tex. 2006) (slip op.). In *Mathis*, the court held that,

> [Petitioner] seems to be arguing that the federal judgment's silence means that the BOP should treat his federal sentence as running concurrently with his undischarged state sentence. In fact, however, the law holds that the opposite is true. Indeed, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584(a). The BOP's Program

> Statement 5880.28, which addresses this issue, is consistent with this legal authority. . . . Moreover, the BOP has followed its program statement and the foregoing law in this case. Because [Petitioner] Mathis' judgment is silent, his federal sentence runs consecutively to his state sentence. He has not shown any error by the BOP.

*Mathis v. United States*, 2006 WL 2844174, *5 (S.D. Tex. Sept. 29, 2006) (slip op.). As in *Mathis*, Hall's second amended judgment does not explicitly provide that the sentences are to run concurrently. Therefore, the BOP has properly determined that the sentences should run consecutively pursuant to 18 U.S.C. § 3584(a).

Hall has failed to provide any authority for his contention that the initial sentence merged into the second sentence because of the longevity of the drug trafficking conduct. He has also failed to support his claim that the BOP is somehow impinging on the courts' and Congress' powers. It is clear that the BOP is responsible for computing federal terms of imprisonment in the absence of any express directives from the court. *United States v. Wilson,* 503 U.S. 329, 335 (1992); 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the Bureau of Prisons until the expiration of the term imposed."); *see also McKinney v. Gonzales*, 2005 WL 2396711 (W.D. Tenn. 2005). Here, the Court considered Hall's second federal sentence two times and substantially amended it so that seven of the eight convictions ran concurrently. The BOP then accurately determined that, because the Court did not direct the two *separate* sentences to run concurrently, they must run consecutively pursuant to 18 U.S.C. § 3584(a).

Nor does Hall show that the BOP's decision offends due process or any other constitutional provision. In short, Hall fails to state a claim upon which relief may be granted.

Therefore, his petition will be denied and the action will be dismissed from the Court's active docket.

### III.   Conclusion

For the reasons discussed above, it is hereby **ORDERED** as follows:

(1)   Petitioner Claude David Hall's § 2241 petition for writ of habeas corpus [Record No. 2] is **DENIED**.

(2)   This action is **DISMISSED**, *sua sponte*, from the Court's docket. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 17th day of July, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge